IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| SIGNE BERGMAN,<br><br>                Appellant,<br><br>      v.<br><br>IVAN MOTO,<br><br>                Respondent. | No. 85588-3-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

PER CURIAM — Signe Bergman appeals from a trial court order declining to impose a domestic violence protection order (DVPO) in the context of a marriage dissolution proceeding against Ivan Moto. Bergman argues that the trial court legally erred when it denied the DVPO. Specifically, Bergman claims (1) the court was required to issue a DVPO under RCW 7.105.225(1)(a) after finding that she was subjected to domestic violence by Moto, (2) the trial court misconstrued RCW 7.105.255 by concluding that it requires the court to conduct a separate risk analysis after finding that domestic violence occurred, and (3) the trial court erred when it declined to impose a DVPO based on two reasons, when the statute specifically prohibits denial of a DVPO on each of those bases. *See* RCW 7.105.225(2)(e), (f).

We review the denial of a DVPO for abuse of discretion. *Rodriguez v. Zavala*, 188 Wn.2d 586, 590, 398 P.3d 1071 (2017). A trial court abuses its discretion if its decision is based on untenable grounds or reasons, or is otherwise manifestly unreasonable. *In re Marriage of Littlefield*, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

A decision based "on an erroneous view of the law" is necessarily an abuse of discretion. *Gildon v. Simon Prop. Grp., Inc.*, 158 Wn.2d 483, 494, 143 P.3d 1196 (2006).

RCW 7.105.225(1) provides that "the court *shall* issue a protection order if it finds by a preponderance of the evidence that the petitioner has proved the required criteria in (a) through (f) of this subsection for obtaining a protection order under this chapter." (emphasis added). The "required criteria" that applies to a DVPO is a finding that "the petitioner has been subjected to domestic violence by the respondent." RCW 7.105.225(1)(a). The statute further provides six specific grounds upon which a trial court "may not deny or dismiss a petition for a protection order." RCW 7.105.225(2). Those grounds are,

> (a)     The petitioner or the respondent is a minor, unless provisions in this chapter specifically limit relief or remedies based upon a party's age;
>
> (b)     The petitioner did not report the conduct giving rise to the petition to law enforcement;
>
> (c)     A no-contact order or a restraining order that restrains the respondent's contact with the petitioner has been issued in a criminal proceeding or in a domestic relations proceeding;
>
> (d)     The relief sought by the petitioner may be available in a different action or proceeding, or criminal charges are pending against the respondent;
>
> (e)     The conduct at issue did not occur recently or because of the passage of time since the last incident of conduct giving rise to the petition; or
>
> (f)     The respondent no longer lives near the petitioner.

RCW 7.105.225(2)(a)-(f).

In its oral ruling, the trial court "clearly" found that Bergman was "subjected to

domestic violence" by Moto under RCW 7.105.225(1)(a). The court then determined that, although the statute is not explicit, "it appears to suggest or recognize that courts will further conduct a risk analysis of whether to grant or deny" a DVPO. And, although statute prohibited the court from denying a DVPO based on the passage of time since the incident, or because Moto no longer lives near Bergman, *see* RCW 7.104.255(2)(e), (f), the court concluded that the statute allowed the court deny the DVPO for those reasons "in combination."

Moto concedes error. Moto acknowledges that, based on the court's finding that he perpetrated domestic violence against Bergman, the court was required to issue a DVPO under RCW 7.105.225(1)(a). Moto also acknowledges that the court's determination that it had discretion to deny the petition "if more than one of the prohibited bases existed because it had implied discretion to undertake its own risk analysis" is not supported by the statutory language.

We accept the concession of error. The trial court's ruling was contrary to the plain terms of RCW 7.105.255. The mandatory language of RCW 7.105.255(1)(a) requires that the court issue a DVPO upon a finding of domestic violence without additional assessment of risk. And, nothing in the statute suggests that the court may rely on a reason listed under RCW 7.105.255(2)(a)-(f) to deny a DVPO if more than one prohibited reason exists. Because the trial court misinterpreted RCW 7.105.255 in denying the DVPO, we accept the concession, reverse the trial court's order denying the DVPO, and remand for further proceedings.[1] On remand, the trial court may

---

[1] Because we accept the concession that the court legally erred in interpreting RCW 7.105.225, it is unnecessary to address any other issues the Appellant raises.

address any request for fees.

Bergman requests attorney fees on appeal on several grounds, but only in the event that this court deems Moto's concession of error "inadequate" or "otherwise reject[s]" it. Accordingly, we decline to award fees on appeal and also deny Bergman's motion under RAP 9.11 to supplement the record with material related to appellate fees as unnecessary.

Reversed and remanded.

FOR THE COURT:

_Brennan, J_

_Chung, J._

_Coburn, J._